UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SANDRA NORIEGA,<br>Petitioner,<br><br>Vs.<br><br>CHARLESTON IWUAGWU, WARDEN<br>FEDERAL BUREAU OF PRISONS,<br>Petitioner. | Cause No.:<br><br>CR-11- 02729-012-TUC-DCB-(JM)<br><br>**Civil Action No.:**<br>_____ |

MEMORANDUM OF LAW IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS UNDER 28 USC 2241.

COMES NOW, SANDRA NORIEGA, Petitioner pro se in the above styled and entitled cause of action who Respectfully comes before this Court pursuant to Title 28 U.S.C. § 2241, requesting relief pursuant to issuance of Writ of Habeas Corpus to correct her sentence.

28 U.S.C. § 2241

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the Validity or constitutionality of his conviction must bring a petition for writ of habeas corpus Pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that Sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. A Presently at the time this Petition is file, the Petitioner, Sandra Noriega is in the custody of the

28 USC 2241 - 1

Federal Correctional Institution at Dublin, California which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986); <u>Chua Han Mow v. United States</u>, 730 F.2d 1308, 1313 (9th Cir. 1984); <u>Ruviwat v. Smith,</u> 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

Petitioner has exhausted the administrative remedies (Exhibit "A").

Sandra Noriega is seeking credit to her term of imprisonment the window of time where the district court was required, pursuant to the provisions of Section 5G1.3 of the United States Sentencing Guidelines to affect a concurrent sentence. She is also seeking Good Time Credit to his term in that any good time that he is due from the overlap in the terms which should have been imposed.

SANDRA NORIEGA, herein raises in his Motion under 28 *USC 2241* the argument that :

(1) the District Court failed to properly apply the Sentencing Guidelines;

(2) that Counsel was ineffective for failing to argue that the Guidelines required a concurrent sentence;

(3) that the prosecution misled the District Court regarding its authority to impose a concurrent sentence;

(4) that the District Court erred in failing to credit his time already spent in custody toward her sentence; and

(5) that Counsel was ineffective for failing to seek an award of such credit.

28 USC 2241 - 2

Petitioner maintains that USSG § 5G1.3(b) required the court to impose a concurrent sentence.

## PROCEDURAL HISTORY

Defendant Noriega was process of serving a sixty month sentence imposed in El Paso Texas on May 31, 2011 in Cause Number 3:95-cr-00334

On   she was writted into custody for purposes of a writ ad prosequendum for purposes of proceedings in Tucson cause number 4:11-cr-02729-DCB-JR-12

Movant submits that Once there, appointed attorney David Basham in Tucson, presented her with a blank plea agreement to sign. As she was waiting to be sentenced by the Court counsel advised her that she would get either time served or concurrent sentencing.

On February 27, 2013 Noriega was sentenced to thirty-six months on one count I and forty-eight months on Count II. Both counts were to run concurrent with each other, but were imposed to run consecutive to the previous sixty month term the defendant was in process of serving.

On March 15, 2013 Defendant was returned to Dublin, to continue serving the previously imposed sentence, in addition to the then month and   month after being on writ to Tucson to be tried and then sentenced.

Petitioner was returned to Dublin, 3/15/2013 but there was no updated paperwork in the system in Dublin to reflect the new sentencing from Tucson until 1/28/2014  (See Affidavit Of Sandra Noriega).

A sentencing court's choice between a consecutive or a concurrent sentence with respect to a defendant who is subject to an undischarged state-court term of imprisonment is normally discretionary.   See 18 U.S.C. § 3584(a).   But when exercising its discretion, the sentencing court is under a direction to consider the factors enumerated in 18 U.S.C. § 3553(a), including any applicable sentencing guidelines or policy statements.   Id. § 3584(b).

One such guideline is USSG § 5G1.3(b), which provides, with various exceptions, for a concurrent or partially concurrent sentence when there is a previously imposed but undischarged term of imprisonment that has "resulted from another offense that is relevant conduct to the instant offense of conviction" if the relevant conduct offense "was the basis for an increase in the offense level" for the offense of conviction.

28 USC 2241 - 3

Section 5G1.3 of the Federal Sentencing Guidelines contains three subsections that govern imposition of sentence on a defendant who is subject to an undischarged term of imprisonment.

Section 5G1.3 (b) sets up a tightly imbricated framework, and this case does not require us to sketch its complete architecture. For present purposes, it suffices to say that, in order to gain its benefit, a defendant must prove that she satisfies each and every element of the guideline. See United States v. Lino, 493 F.3d 41, 44 (1st Cir.2007). One such element is whether the relevant conduct offense-that is, the offense underpinning the undischarged term of imprisonment-was the basis for an increase in the offense level for the offense of conviction. See id.; United States v. Rouse, 362 F.3d 256, 261 (4th Cir.2004).

Noriega submits that by the District Court failing to do so, is plain error, Plain Error is by failing to apply the provisions of Section 5G1.3 of the Sentencing Guideline Manual, and error by failing to apply the guideline manual in its entirety.

By applying this relevant section of the Guideline Manual, Petitioner submits that the court would have fashioned an appropriate sentence which would have been concurrent all or in part. That a concurrent sentence would have achieved the appropriate total punishment. Failure to do so constitutes plain error and the sentence is as a direct result of a misapplication of the sentencing guidelines.

Plain error is found only where there is (1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." Vences, 169 F.3d at 613 (quotations omitted). In United States v. Olano, 507 U.S. 725 (1993), the Supreme Court set forth four prongs that an appellant must meet in order to obtain appellate relief under plain error review, id. at 732-36, and in subsequent cases the Court has fine-tuned those prongs. Under the first prong, the appellant must establish the existence of legal error "that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant," Puckett v. United States, 556 U.S. 129, 135 (2009). Olano, 507 U.S. at 732-33.

Under the second prong, the appellant must establish that the legal error is plain, i.e., "'clear' or, equivalently, 'obvious,'" id. at 734, at least by the time of appellate consideration, Henderson, 133 S. Ct. at 1130-31. Under the third prong, the appellant must establish that the legal error affected his substantial rights. Olano, 507 U.S. at 734. In the sentencing context, this means that the appellant must show us a non-speculative basis in the record for concluding the district court would have imposed a lower sentence but for such error. United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010). Under the fourth prong, we "should correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity, or public

28 USC 2241 - 4

reputation of judicial proceedings." Olano, 507 U.S. at 736 (alteration marks and internal quotation marks omitted).

Section 5G1.3 of the Sentencing Guidelines deals with the imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment. See U.S.S.G. § 5G1.3 (1995). Subsection (a) of that guideline mandates a consecutive sentence for defendants who commit an offense during a term of imprisonment or the period of time between the sentencing of a prior offense and the beginning of the imprisonment term for that offense.

See U.S.S.G. § 5G1.3(a) (1995). Subsection (b), which mandates a concurrent sentence, applies in instances when subsection (a) does not and "the undischarged term of imprisonment resulted from offense levels that have been fully taken into account in the determination of the offense level of the instant offense." U.S.S.G. § 5G1.3(b) (1995).

Subsection (c) covers all other instances and, as the parties agree, is the relevant subsection for this case because neither (a) nor (b) applies. Subsection (c) reads as follows: "(Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."5 U.S.S.G. § 5G1.3(c) (1995).

Application Note 3 of § 5G1.3, which addresses the application of subsection (c), states that "[u]nder [subsection (c)], the court may impose a sentence concurrently, partially concurrently, or consecutively." U.S.S.G. § 5G1.3, comment. (n.3) (1995). It then instructs the district court to consider two sets of factors. First, the district court should consider the sentencing factors referred to by 18 U.S.C.A. § 3584 (West 1985) (referencing 18 U.S.C.A.§ 3553(a) (West 1985 & Supp. 1999)).6 See U.S.S.G. § 5G1.3(c), comment. (n.3) (1995). Second, it should "be cognizant of" the following four factors:

    (a)    the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

    (b)    the time served on the undischarged sentence and the time likely to be served before release;

    (c) the fact that the prior undischarged sentence may have been imposed In state court rather than federal court, or at a different time before the same or different federal court; and

    (d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

28 USC 2241 - 5

In relevant part, USSG § 5G1.3(b) provides:

If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsection[] (a)(1) . . . of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense

Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Id. In contrast to USSG § 5G1.3(b), USSG § 5G1.3(c) provides: "(Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c), p.s (emphasis added).

When sentencing a defendant, Supreme Court precedent mandates that the district court correctly calculate the defendant's applicable sentencing range under the Guidelines. Gall v. United States, 552 U.S. 38, 49, 51 (2007); Rita v. United States, 551 U.S. 338, 351-54 (2007). Logic dictates that the district court must also correctly determine the rules as set forth in Chapter 5 Part G of the Guidelines for implementing the total term(s) of imprisonment.

USSG § 5G1.3 governs the imposition of a sentence when the defendant is subject to an undischarged term of imprisonment. Johnson contends subsection (b) of this Guideline section applies to her with respect to her sentence(s), which subsection provides in relevant part:

If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsection[] (a)(1) . . . of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

28 USC 2241 - 6

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

[USSG] § 5G1.3(b) prevents the double counting that occurs when separate, non-offense conduct could, absent operation of this subsection, otherwise be the basis both (1) for sentencing defendant as if that conduct had been part of the offense(s) of conviction, and (2) for additional punishment of that same conduct in another, and separate, criminal proceeding.

Section 5G1.3 thereby operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence.

Petitioner Noriega submits that all or portion of the term the court imposed should have credited to her terms of imprisonment from Arizona which were imposed concurrent with each other, but imposed consecutive to the term imposed in Texas.

WHEREFORE PREMISES CONSIDERED, Petitioner Noriega prays that this court will grant relief in the matter.

Respectfully Submitted,

this _ day of _, 2015.

Sandra Cruz Noriega
Petitioner, pro se
Fed. Reg. No: 67413-080

28 USC 2241 - 7

FCI Dublin-Unit A/B
5701 8th St.-Camp Parks
Dublin, CA. 94568

28 USC 2241 - 8