

Exhibit "A"

DUB 1330.16 (A)
Attachment A

## INFORMAL RESOLUTION

INFORMAL RESOLUTION INSTRUCTION: Staff must complete and attach the original of this form to each BP-9 when the complaint cannot be informally resolved. The BP-9 will not be accepted without this completed form.

| Name: NORIEGA, SANDRA | Reg. No. 67413-080  67413-080 | Unit: A |
|---|---|---|
| Date BP-9 Requested: 9/17/14 | Date BP-9 Issued: 10/02/14 | |

**Inmate's Request or Appeal:** I am requesting credit to my impending 48 mos Sentence for the time I spent in federal custody prior to its imposition. I was in custody serving a 60 mos. sentence, imposed on May 31, 2011 in Cause No. GP:95-CR-344-FM(2). I was removed pursuant to writ for the purpose of proceedings in Tucson, AZ in Cause No: CR-11-02729-012 Tuc-DCB-(JM). On this new case the Court imposed a term of 48 mos. and 36 months concurrent to each other, but consecutive to the previously imposed term of 60 mos. I was unaware of the structure of my sentences until recently.

**Relief Requested:** I believe that I should have been credited all or part of the days I spent in custody on the 60 mos. sentence pursuant to Section 5G1.2 IMPOSITION OF A SENTENCE UPON A PERSON SUBJECT TO AN UNDISCHARGED TERM OF IMPRISONMENT. I understand that the Bureau of Prisons cannot award this credit to my sentence, however, I am required to exhaust my Administrative Remedies before filing for them in the Jurisdictional Court.

**Attempted Informal Resolution:** (Yes) / No - please explain)
9/25/14: Per the CMC, Inmate is serving a 48 month Consecutive sentence. Therefore, the 48-month term she is speaking about can not begin until the completion of her 60 month term. Her 60 month term will end on December 6, 2014. No credit can be given on a consecutive sentence.

| Correctional Counselor: (signature) A. [signature] AMC | Date: 9/18/14 |
|---|---|
| Unit Manager: (signature) | Date: |

4 copies

Name: NORIEGA, Sandra Cruz
Reg. No.: 67413-080
Unit: A

An investigation into your request revealed the following information: On July 15, 1995, you were arrested and released on Bond on October 5, 1995. On October 18, 1995, Bond was revoked, and a warrant was issued. Prior custody credit from July 15, 1995 thru October 5, 1995 was applied to case #EP-95-CR-334-FM(2). On October 20, 2010 a Federal warrant was executed and you remained in Federal custody without bond. On June 1, 2011 you were sentenced on case #EP-95-CR-334-FM(2) to 60 months with 3 years Supervision. The following jail credit was applied to this sentence: October 20, 2010 to the date prior to Date of Imposition for case #EP-95-CR-334-FM(2) which is May 30, 2011. Your sentence began running on May 31, 2011 which is your Date of Imposition for case #EP-95-CR-334-FM(2). On February 27, 2013 you were sentenced on case #CR-11-02729-012-TUC-DCB(JM) to 36 months on Count 1 and 48 months on Count 2, Concurrent to one another but Consecutive to case #EP-95-CR-334-FM(2). All prior custody credit has been applied to your sentence, which both sentences cannot be aggregated due to the sentencing procedures. The DSCC has verified and certified your sentence computation to be correct.

I trust I have addressed your concerns.

_____          10/3/14
M. De La Garza,                  Date
Correctional Systems Officer

| U.S. DEPARTMENT OF JUSTICE | REQUEST FOR ADMINISTRATIVE REMEDY |
|---|---|
| Fed. Bureau of Prisons | 10/02/14 |

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **NORIEGA, SANDRA**    **67413-080**    **A**    **FCI DUBLIN**
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - INMATE REQUEST** I'm requesting credit to my impending 48 mos. sentence for the time I spent in federal custody prior to its imposition. I was in custody serving a 60 mos. sentence, imposed on 5/31/2011 in cause # EP:95-CR-344-FM(2). I was removed pursuant to writ for the purpose of proceedings in Tucson, AZ in cause cause # CR-11-02729-012 TUC-DCB-(JM). On this new case the court imposed a term of 48 mos and 36 mos concurrent, but consecutive to the previously imposed term of 60 mos. I was unaware of the structure of my sentences until recently. I believe that I should have been credited all or part of the days I spent in custody on the 60 mos. sentence pursuant to Section 5G1.2 (IMPOSITION OF A SENTENCE UPON A PERSON SUBJECT TO AN UNDISCHARGED TERM OF IMPRISONMENT). I understand that the Bureau of Prisons cannot award this credit to my sentence, however, I am required to exhaust my Administrative Remedies before filing for them in the jurisdictional court.

10/3/2014              *Sandra Noriega*
DATE                  SIGNATURE OF REQUESTER

**Part B - RESPONSE**

2014 OCT 8 AM 9:59

_____      _____
DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE             CASE NUMBER: _____

CASE NUMBER: _____

**Part C - RECEIPT**

Return to: _____    _____    _____    _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____      _____
DATE              RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982
USP LVN

Administrative Remedy Number: 797351-F1

Part B - Response

This is in response to your Request for Administrative Remedy, received in this office on October 8, 2014, in which you are requesting credit for all or part of the days you spent in custody on your first sentence (60 months). You further state the Bureau of Prisons cannot award this credit and that you need to exhaust your Administrative Remedy before filing in your sentencing court.

This matter was discussed with U.S. Probation. According to their information, your case was reviewed by the sentencing judge in regards to whether they could run your case concurrent or consecutive to your first 60 month sentence. They further indicated your second sentence (48 months) was ran consecutive to your first sentence (60 months) due to the fact it was an "intervening offense." Specifically, your first offense was committed on July 15, 1995, and although you had not yet been sentenced on that offense, you committed a second offense on December 31, 2009. Due to having two separate conducts, the judge chose to run your cases consecutive to each other, as per the Federal Sentencing Guidelines.

Based on the fact you have not asked the Bureau of Prisons for any relief, this response is for information purposes only. If you are dissatisfied with this response, you may appeal to the Regional Director, Western Regional Office, Federal Bureau of Prisons, 7338 Shoreline Drive, Stockton, California 95219, within twenty (20) calendar days from the date of this response.

_____          10/23/14
Andre Matevousian, Warden                Date

Received by S. NORIEGA GA 10/30/14 6:45 am

| U.S. Department of Justice | | Regional Administrative Remedy Appeal |
|---|---|---|
| Federal Bureau of Prisons | | 11-25-14 |

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __NORIEGA, SANDRA__     REG. NO. __67413-080__     UNIT __A__     INSTITUTION __FCI DUBLIN__
LAST NAME, FIRST, MIDDLE INITIAL

## Part A - REASON FOR APPEAL

SEE ATTACHED

"Exhibit "C""

11/19/2014
DATE

_Sandra Noriega_
SIGNATURE OF REQUESTER

## Part B - RESPONSE

ORIGINAL - YELLOW

_____     _____
DATE                                 REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                CASE NUMBER: _____

## Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL          BP-230(13)
                                                                JUNE 2002

Regional Administrative Remedy Appeal
From: NORIEGA, SANDRA   REG NO. 67413-080   UNIT: A   INSTITUTION: FCI DUBLIN

Part A - REASON FOR APPEAL

This is my Second step in the formal Administrative Remedy Procedure in an effort to obtain redress in an error in my sentencing which impacts me adversely. I was subject to an undischarged term of imprisonment when the court in Tucson, Arizona brought me to court on a writ, ad prosequendum, for the proceedings in which I have a second sentence. A specific section of the guidelines indicates that the sentence should have been run concurrent, all or in part. The Sentencing Court did not apply this section to my term at sentencing. My second term is totally consecutive, depriving me of credit for time spent in custody. The guideline instructs that the imposition of a sentence upon a defendant when in an undischarged term of imprisonment, the court is required to consult these specific sections of the guidelines. I am aware that the Bureau of Prisons cannot credit me with this time, and that I must exhaust my remedies prior to filing in court.

The District Court committed procedural error by improperly calculating the Guidelines range under Section 5G1.3 of the Sentencing Guidelines which governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment.
Subsection (b) instructs a district court to "adjust" a defendant's sentence to account for undischarged terms of imprisonment under the specific circumstances indentified in the guideline. The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons. Under subsection (c), the court may impose a sentence concurrently, partially concurrently, or consecutively to the undischarged term of imprisonment. In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court is required to consider certain factors in "fashioning" a sentence in a case such as mine. This was my status when I was brought into the court in Tucson by writ; I was subject to an un-discharged term of imprisonment. My term, though imposed in two different courts, two different times, were both federal, and at the time I was sentenced in Tucson, I was still subject to the greater part of my first term. The fact that the sentence was consecutive presents a disparity that needs to be corrected; in most instances, calculated by the guidelines. The Guidelines Manual is required to be applied in it's entirety. Neither the court nor counsel did consider, apply, or refer to this section during the sentencing proceedings. The Guideline Manual cannot apply piecemeal. This section should have been consulted during the proceedings.
For this and other reasons, I disagree with the decision and wish to proceed to the next step in the Administrative Remedy process. Thank you.


Sandra Noriega   November 19, 2014

4 copies

This is in response to your Regional Administrative Remedy Appeal of the Warden's response to you dated October 23, 2014. You claim the information contained in your Judgment and Commitment Order is not correct based on the guidelines used by the sentencing court. Therefore, you request the Bureau of Prisons correct your Judgment and Commitment Order and adjust your term of imprisonment.

We have investigated your appeal and agree with the Warden's response to you. You were sentenced in the Western District of Texas to a 60 month term of imprisonment on May 31, 2011, on federal court docket number EP-95-CR-334-FM (2), under the Non-Violent Crime Control and Law Enforcement Act (Non-VCCLEA). While serving this sentence you were sentenced on February 27, 2013, to a term of 48 months on new criminal charges on docket number CR 11-02729-012-TUC-DCB (JM) under the Prisoner Litigation Reform Act (PLRA). Based on sentence procedure restrictions the Non-VCCLEA and the PLRA terms cannot be aggregated together and must be served independently of each other to satisfy the courts intent. This 48-month term was ordered to be served consecutive to the term imposed under docket number EP-95-CR-334-FM (2). Your 60-month term started on May 31, 2011, and was completed on December 6, 2014. The 48-month term began on December 6, 2014; the day the 60-month term was completed as ordered by the federal court.

Program Statement 5880.28, <u>Sentence Computation Manual, CCCA, Commitment To The Custody Of The Bureau Of Prisons</u>, states, "Under 18 USC 3621, the BOP is required to provide the custody and to determine the place of imprisonment for all sentenced federal prisoners." Subsection (a) of Section 3621 states in part, "A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624."

The federal court ordered your terms to be served consecutively to each other. You are lawfully and legally committed to the custody of the Bureau of Prisons, until such time as you have satisfied the imprisonment term of your federal sentence. Although you assert that a procedural error was made by the sentencing court, you will need to address this issue directly with the sentencing court. The Bureau of Prisons has no authority to change or adjust any sentence without the sentencing court's direction.

Based on the above information, your request for administrative remedy is denied. If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, N.W., Washington, D.C., 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of this date.

2\6\15
Date

Juan D. Castillo, Regional Director

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **NORIEGA, SANDRA** | **67413-080** | **A** | **FCI-DUBLIN**
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

## Part A - REASON FOR APPEAL

I disagree with the decision rendered at this stage of the Administrative Remedy Procedure. Section 5G1.3 of the U.S. Sentencing Guidelines, Imposition of a "Sentence Upon a Defendant Who is Subject to an Undischarged Term of Imprisonment" instructs the Court to consider certain factors in determining the total punishment that should have been rendered. There are rare circumstances in which sentences imposed under the guidelines should run consecutive. Some of the time already spent in custody and the time I was to serve out the remainder should have been considered and credited at the time of sentencing, all or part. I realize that the Bureau of Prisons cannot award me this time. For this and other reasons, please consider this my effort to exhaust my remedy through this process prior to filing in court. *Sandra Noriega*

DATE 3-16-2015    SIGNATURE OF REQUESTER

## Part B - RESPONSE

Exhibit "D"

RECEIVED
MAR 2 5 2015
Administrative Remedy Office
Federal Bureau of Prisons

---

DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL
CASE NUMBER: **797351**

## Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

DATE _____    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN    BP-231(13) JUNE 2002

**Administrative Remedy No. 797351-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you contend you are entitled to a reduction of your current federal sentence for time spent serving your previous federal sentence pursuant to the United States Sentencing Guidelines (U.S.S.G.) § 5G1.3. Specifically, you indicate the Court should have taken into consideration either all or part of the time you had served prior to being sentenced.

A review of your record reveals on May 31, 2011, you were sentenced in the United States District Court, Western District of Texas, to a 60-month term of imprisonment in Case No. EP-95-CR-334-FM(2). Additionally, on February 27, 2013, you were sentenced in the United States District Court, District of Arizona, to a 48-month term of imprisonment in Case No. CR 11-02729-012-TCU-DCB(JM), to run consecutively to the sentence imposed in Case No. EP-95-CR-334-FM(2).

Absent an order from the Court, the Bureau of Prisons has no authority to reduce your 48-month term of imprisonment imposed in the United States District Court, District of Arizona, in Case No. CR 11-02729-012-TCU-DCB(JM). Your concerns regarding the validity of your sentence should be addressed with the respective Court.

We find your sentence has been computed as directed by federal statute and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>. Accordingly, your appeal is denied.

4/30/2015
Date

/s/ L. C. Rodgers
Acting Administrator
National Inmate Appeals

**Administrative Remedy No. 797351-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you contend you are entitled to a reduction of your current federal sentence for time spent serving your previous federal sentence pursuant to the United States Sentencing Guidelines (U.S.S.G.) § 5G1.3. Specifically, you indicate the Court should have taken into consideration either all or part of the time you had served prior to being sentenced.

A review of your record reveals on May 31, 2011, you were sentenced in the United States District Court, Western District of Texas, to a 60-month term of imprisonment in Case No. EP-95-CR-334-FM(2). Additionally, on February 27, 2013, you were sentenced in the United States District Court, District of Arizona, to a 48-month term of imprisonment in Case No. CR 11-02729-012-TCU-DCB(JM), to run consecutively to the sentence imposed in Case No. EP-95-CR-334-FM(2).

Absent an order from the Court, the Bureau of Prisons has no authority to reduce your 48-month term of imprisonment imposed in the United States District Court, District of Arizona, in Case No. CR 11-02729-012-TCU-DCB(JM). Your concerns regarding the validity of your sentence should be addressed with the respective Court.

We find your sentence has been computed as directed by federal statute and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>. Accordingly, your appeal is denied.

_4/30/2015_
Date

_/s/ L. Rodgers_
Acting Administrator
National Inmate Appeals