UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SANDRA CRUZ NORIEGA,

    Petitioner,

vs.

CHARLESTON IWUAGWU,

    Respondent.

No. C 15-4019 NJV (PR)

**ORDER OF DISMISSAL**

Petitioner, a federal prisoner incarcerated at F.C.I. Dublin filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

**DISCUSSION**

**A.   Standard of Review**

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given jurisdiction over these petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). A petition under § 2241 must be heard in the district of confinement, whereas if the petition is properly brought under § 2255, it must be heard by the sentencing court. *Id.* at 865.

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. §

2241." (citation omitted)). There is, however, an exception to that general rule. Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* (internal quotation marks omitted). A prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* at 898 (internal quotation marks omitted).

**B.    Legal Claims**

Petitioner entered a guilty plea in the District of Arizona on October 11, 2012. *See United States v. Cruz, et. al*, 11-cr-2729 DCB-JR. The written plea agreement specified that there was no agreement whether the sentence would be consecutive or concurrent to a separate sentence arising from a case in the Western District of Texas. Docket No. 289 at 3-4 in 11-cr-2729. On February 27, 2013, she was sentenced to 36 months on count 1 and 48 months on count 2, and the term to run concurrent on both counts. Docket No. 574 at 9 in 11-cr-2729. However, the Court ordered the sentence to run consecutive to her sentence in the Western District of Texas. *Id.*

Petitioner argues that it was only when she was preparing to be released from the sentence from the Western District of Texas that she learned the sentence from the District of Arizona was consecutive and not concurrent. However, the sentencing transcript indicates that Petitioner was present when sentence was imposed and the Court specifically noted that the 48 months was to run consecutive to the sentence in Texas. Docket No. 574 at 2-3, 8 in 11-cr-2729.

To the extent Petitioner challenges the sentence as improper under the guidelines, this argument does not raise a claim of actual innocence to qualify for the escape hatch of § 2241. *See Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (petitioner's escape hatch argument that he should not have qualified as a career offender in sentencing is not one of actual innocence). Moreover, petitioner has not argued that she did not have an unobstructed procedural shot at presenting this claim. To the extent Petitioner seeks to

challenge the legality of her confinement and raise claims regarding her sentence or to argue that counsel was ineffective with respect to her plea, she must file a § 2255 petition in the District of Arizona.

## CONCLUSION

The petition is **DISMISSED** for the reasons set forth above, therefore the motion for discovery and an evidentiary hearing (Docket No. 3) is **DENIED**. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: March 29, 2016.

NANDOR J. VADAS
United States Magistrate Judge